# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 21-07865-VBF (DFM) | Date: | October 13, 2021 |
|---|---|---|---|
| Title | Nigel M. Stimpson v. California Department of Corrections and Rehabilitation | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order to Show Cause |
|---|---|

On September 27, 2021, Nigel M. Stimpson ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). The gravamen of the Petition is that Petitioner has been unable to earn various credits, such as Good Conduct Credits and Milestone Completion Credits, during his incarceration. See id. at 3. For example, Petitioner is unable to work as a volunteer firefighter to earn credits because he has not yet been transferred to state prison due to delays related to COVID-19. See id. at 4.

It appears, however, that Petitioner's claim has not been exhausted in state court. See id.; see also California Appellate Courts Case Information, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for "Stimpson"). This is a problem. Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

A federal court may raise a habeas petitioner's failure to exhaust state remedies <u>sua</u> <u>sponte</u>. <u>See</u> <u>Stone v. City and Cnty. of S.F.</u>, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). Petitioner has the burden of demonstrating he has exhausted available state remedies. <u>See</u> <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Here, it appears that Petitioner has not presented his claims to the California Supreme Court and so the Petition is subject to dismissal. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991) (explaining that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims").

In <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. The prerequisites for obtaining a stay under <u>Rhines</u> while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." <u>Id.</u> at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a <u>Rhines</u> stay. <u>See</u> <u>Blake v. Baker</u>, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." <u>Dixon v. Baker</u>, 847 F.3d 714, 720 (9th Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. <u>Blake</u>, 745 F.3d at 982. It is unclear whether Petitioner can meet the <u>Rhines</u> requirements.

**IT THEREFORE IS ORDERED** that within twenty-eight (28) days of the date of this Order, Petitioner do one of the following:

(1) **file additional documents to demonstrate that he has exhausted all claims contained in the Petition;**

(2) **request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or**

(3) **file a formal stay-and-abey motion if he believes he can make the required showings under <u>Rhines</u>.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Petitioner is expressly warned that his failure to timely comply with this order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.**

CV-90 (12/02)                                    CIVIL MINUTES-GENERAL                    Initials of Deputy Clerk: nb